IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02431-BNB

VERNON DALE JAGO,

    Applicant,

v.

RAE TIMME, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 16 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Vernon Dale Jago, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Jago has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Jago is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jago will be ordered to file an amended application.

The court has reviewed the application and finds that it is deficient because Mr. Jago fails to provide a clear and concise statement of his claims. In addition, Mr. Jago improperly combines in the application a number of claims challenging the execution of his sentence, one claim apparently challenging the validity of his sentence, and a number of claims challenging the conditions of his confinement. Mr. Jago's claims

challenging the execution of his sentence properly are asserted in a habeas corpus action pursuant to 28 U.S.C. § 2241 and his claim challenging the validity of his sentence properly is asserted pursuant to § 2254. **See Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000). To the extent Mr. Jago is claiming that the conditions of his confinement violate his constitutional rights, his claims properly are asserted in a separate action pursuant to 42 U.S.C. § 1983. **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991).

Mr. Jago will be ordered to file an amended application in this action that is limited to either his claims challenging the execution of his sentence or his claim challenging the validity of his sentence. If Mr. Jago wishes to pursue his claims challenging the execution of his sentence and his claim challenging the validity of his sentence, he must file an amended application in this action as directed and he must initiate a new habeas corpus action to raise the other claim or claims. If Mr. Jago wishes to pursue his claims challenging the conditions of his confinement, which may not be asserted in a habeas corpus action, he must file a new action and raise those claims in a Prisoner Complaint.

It appears to the court that Mr. Jago primarily is challenging in this action the execution of his sentence because most of his claims relate to the failure to release him on parole and the only relief he seeks is to be released on parole. Therefore, the court will provide Mr. Jago with the proper form for filing an application for a writ of habeas corpus pursuant to § 2241. If Mr. Jago elects to pursue his other claims, he may obtain the appropriate forms from the clerk of the court.

Finally, regardless of which claims Mr. Jago elects to pursue in this action, he must provide a clear statement of those claims showing that is entitled to relief. Mr. Jago is advised that he must go beyond notice pleading in a habeas corpus action and that naked allegations of constitutional violations are not sufficient to state a habeas corpus claim. See *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Jago file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Jago, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Jago fails to file an amended pleading that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 16, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02431-BNB

Vernon Dale Jago
Prisoner No. 112474
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 10/16/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk