IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02431-BNB

VERNON DALE JAGO,

    Applicant,

v.

RAE TIMME, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 0 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Vernon Dale Jago, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Jago initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On October 16, 2009, the court ordered Mr. Jago to file an amended application because he improperly combined in the original application claims challenging the execution of his sentence, a claim challenging the validity of his sentence, and claims challenging the conditions of his confinement. Because it appeared to the court that Mr. Jago primarily was challenging the execution of his sentence, the court provided Mr. Jago with the court's form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The court advised Mr. Jago to obtain the appropriate forms from the clerk of the court if he wished to pursue his other claims.

On November 19, 2009, Mr. Jago filed a document titled "Amended Application Challenging the Validity of His Sentence Writ of Habeas Corpus Pursuant to 28 U.S.U.

[sic] 2254." The court must construe the amended application liberally because Mr. Jago is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jago will be ordered to file a second amended application.

The amended application filed by Mr. Jago is deficient. First, Mr. Jago has not used the proper form for a § 2254 action. Pursuant to D.C.COLO.LCivR 8.2A, a *pro se* prisoners must "use the forms established by this court to file an action." Furthermore, although Mr. Jago indicates that he seeks to challenge the validity of his sentence, he does not assert any claims challenging the validity of his sentence. Mr. Jago alleges that he was sentenced to an indeterminate term of two years to life in prison. However, he does not argue that the sentence of two years to life in prison somehow was improper when it was imposed, which would be the essence of a claim challenging the validity of that sentence. Instead, Mr. Jago asserts claims challenging the execution of his sentence by arguing that he has completed the incarceration portion of his sentence, that he should be released to begin serving parole, and that the DOC and the Colorado Parole Board improperly are converting his sentence to a sentence of life in prison in violation of state law.

Therefore, Mr. Jago will be ordered to file a second amended application on the proper form if he wishes to pursue any claims in this action. Because Mr. Jago is challenging only the execution of his sentence in the amended application and not the validity of his sentence, the court again will provide him with the proper form for filing an

application for a writ of habeas corpus pursuant to § 2241. If Mr. Jago instead wishes to pursue some other claim or claims challenging the validity of his sentence pursuant to § 2254, he must obtain the appropriate form from the clerk of the court.

Finally, Mr. Jago again is reminded that, regardless of which claim or claims he elects to pursue in this action, he must provide a clear statement of those claims showing that is entitled to relief. Mr. Jago is advised that he must go beyond notice pleading in a habeas corpus action and that naked allegations of constitutional violations are not sufficient to state a habeas corpus claim. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Jago file **within thirty (30) days from the date of this order** a second amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Jago, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Jago fails to file a second amended pleading that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED November 20, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02431-BNB

Vernon Dale Jago
Prisoner No. 112474
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 11/20/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk